# IN THE UNITED STATED DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

JULIE N. HOFMANN,       )
                                 )
         Plaintiff,        )
                                 )
vs.                             )     Civil Action Case No. _____
                                 )     JURY DEMAND
CLARKSVILLE BBQ, LLC     )
d/b/a GOLDEN RULE SMOKEHOUSE   )
GRILL                   )
                                 )
         Defendant.      )

## COMPLAINT

Comes now the Plaintiff, JULIE N. HOFMANN, (hereinafter "Plaintiff"), by and through counsel, and for her Complaint states as follows:

### I. Nature of the Complaint

1.      This is a civil action arising under the laws of the United States and the laws of the State of Tennessee. This Complaint is being brought pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C.§2000 et seq. (Title VII), the Tennessee Human Rights Act, as amended Tennessee Code Annotated §4-21-101(THRA) and state common law claims. The Plaintiff alleges that the Defendant, Clarksville BBQ, LLC d/b/a Golden Rule Smokehouse Grill subjected her, a female employee, to unlawful discrimination, sexual harassment and retaliation. The Plaintiff alleges that the Defendant subjected her to harassment based on her gender and discriminated against her with regard to the terms and conditions of her employment because of her gender. The Plaintiff reported sexual harassment by her General Manager and her complaints and reports were ignored. Thereafter, the Plaintiff was subjected to retaliation and suffered emotional and physical injury, and tendered her resignation because the terms and

conditions of her employment became intolerable.

## II. Parties and Jurisdiction

2.      The Plaintiff is a female who currently resides in Clarksville, Montgomery County, Tennessee, and, at the time of the Defendant's unlawful acts complained of, was a resident of Montgomery County, Tennessee, and an employee of the Defendant.

3.      The Defendant is a limited liability company organized in the State of Tennessee with its principle office in Nashville, Tennessee.   The Defendant operated a full service restaurant in Clarksville, Montgomery County, Tennessee.   The Defendant was engaged in a business affecting commerce and had at least 15 employees.

4.      The acts, conduct, and discriminatory treatment complained of were committed within Montgomery County, Tennessee, and as such, this Court has proper venue and jurisdiction over this matter.

5.      This Complaint alleges a cause of action in violation of Federal law.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-(5)(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  This Court also has jurisdiction over the State law claims pursuant to 28 U.S.C. §1367(a).

6.      Venue is appropriate in this Court based on 28 U.S.C. §1391 because the acts giving rise to this lawsuit occurred in this Judicial District.

7.      The Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission  on January 5, 2011.  The Plaintiff received the right to sue from the Commission with respect to the charges set forth below on or about August 29, 2011.  All

2

conditions precedent to the institution of this lawsuit as required by Title VII have been fulfilled. Additionally, the discrimination occurred from August 2010 to November 8, 2010. This lawsuit is timely filed.

### III. Factual Background

8.     The Plaintiff is a female. She was hired by the Defendant in July of 2009 to work as a server. She was promoted to the position of Front of House Manager.

9.     In August of 2010, the Plaintiff began being sexually harassed by Matt St. Martin, who is a male, and was employed as a General Manager over the entire restaurant. The General Manager began sending the Plaintiff inappropriate text messages asking the Plaintiff to spend time with him and offered that she could have a 40-hour work week in exchange for sex. The General Manager flipped up the back of the Plaintiff's skirt and made demeaning comments in management meetings about and to the Plaintiff because of her gender. The General Manager directed that the female employees call him Daddy, and subjected the Plaintiff to inappropriate comments and requests for attention, affection, and sexual contact.

10.     The Plaintiff immediately reported this harassment to James Blaylock, who is also a male and a District Manager for the Defendant. The Plaintiff called the District Manager, Blaylock, and reported the conduct of the General Manager St. Martin. It is asserted that Mr. Blaylock informed Mr. St. Martin of the Plaintiff's complaint of sexual harassment. From that point forward Mr. St. Martin altered the Plaintiff's work hours and modified her schedule in retaliation for her report of sexual harassment. It is asserted that Mr. St. Martin offered that if the Plaintiff wanted a 40-hour work week, then she should sleep with him and in exchange for a sexual relationship, the General Manager would provide a favorable work schedule to the Plaintiff.

3

11.     It is asserted that the Defendant did nothing to correct the sexual harassment of the Plaintiff, and, in fact, allowed the retaliation and harassment to continue. After she reported the conduct of Matt St. Martin, James Blaylock admonished the Plaintiff and accused her of not giving her job all of her effort. Matt St. Martin retaliated against the Plaintiff by giving her an unreasonable work schedule and accusing her of problems with her performance.

12.     The Plaintiff reported this sexual harassment to Jimbo Cook and Ted Moats, who are owners, managers, officers and/or agents of the Defendant. It is asserted that they took no action to correct or remedy the treatment and conduct directed against the Plaintiff.

13.     The Plaintiff resigned her employment on November 8, 2010 because she was being sexually harassed and the Defendant took no action to prevent or correct her terms and conditions of employment. The terms and conditions of the workplace were intolerable and the Plaintiff suffered emotional and physical injury because of her treatment at work.

14.     The Plaintiff was thereafter contacted by Jimbo Cook, who is also a male and an owner, agent, and/or officer of the Defendant, who admitted that he understood and recognized that the Plaintiff was being sexually harassed. Jimbo Cook invited the Plaintiff to join him for social purposes and took no action to correct or remedy the sexual harassment of the Plaintiff by the Defendant.

## COUNT I.

**Discrimination and Violation of Title VII of Civil Rights Act of 1964 as Amended**

21.     The allegations contained in Paragraphs 1 through 20 are hereby incorporated by reference as if set forth fully in this section.

22.     The actions of the Defendant constitute discrimination on the basis of sex or

4

gender in violation of Title VII in Civil Rights Act of 1964 as amended, 42 U.S.C. §2000 et seq. It is asserted that the conduct was intentional and was done with malice or reckless indifference to the federally protected rights of the Plaintiff.

23.     The Defendant failed to take prompt, remedial and corrective action in order to protect the Plaintiff and to prevent and correct a hostile work environment from existing.

24.     Gender or sex was a motivating factor in the Defendant's treatment of the Plaintiff.

25.     The Defendant's discriminatory actions on the basis of the Plaintiff's gender or sex were both objectively and subjectively offensive and affected the work environment to the point of substantially interfering with the Plaintiff's ability to work.

26.     As a direct and approximate result of the Defendant's adverse treatment of the Plaintiff in violation of Title VII of the Civil Rights Act of 1964, the Plaintiff was injured and suffered damages.

## COUNT II.

**Retaliation and Violation of Title VII of the Civil Rights Act of 1964 as Amended**

27.     The allegations contained in paragraphs 1 through 26 are hereby incorporated by reference as if set forth fully in this section.

28.     The Defendant's actions, in retaliating against the Plaintiff for complaining about the hostile work environment, constitute retaliation and are in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 et seq.  It is asserted that the retaliatory conduct was intentional and was done with malice or reckless indifference to the federally protected rights of the Plaintiff.

29.     As a direct and approximate result of the Defendant's retaliatory treatment of the

Plaintiff in violation of Title VII of the Civil Rights Act of 1964, the Plaintiff was injured and suffered damages.

## COUNT III.

### Discrimination and Violation of the Tennessee Human Rights Act, as Amended

30.     The allegations contained in Paragraphs 1 through 29 are hereby incorporated by reference as if set forth fully in this section.

31.     The actions of the Defendant constitute discrimination on the basis of sex or gender in violation of the Tennessee Human Rights Act, Tennessee Code Annotated §4-21-101.

32.     The Defendant failed to take prompt, remedial and corrective action in order to protect the Plaintiff and prevent a hostile working environment from existing.

33.     Sex or gender was the motivating factor in the Defendant's treatment of the Plaintiff.

34.     The Defendant's discriminatory actions on the basis of the Plaintiff's sex or gender were both objectively and subjectively offensive and affected the work environment to the point of substantially interfering with the Plaintiff's ability to work.

35.     As a direct and approximate result of the Defendant's adverse treatment of the Plaintiff in violation of the Tennessee Human Rights Act, the Plaintiff was injured and suffered damages.

## COUNT IV.

### Retaliation in Violation of the Tennessee Human Rights Act, as Amended

36.     The allegations contained in Paragraphs 1 through 35 are hereby incorporated by reference as if set forth fully in this section.

37.     The Defendant's actions in retaliating against the Plaintiff for complaining about

the hostile work environment constitute retaliation and violation of The Tennessee Human Rights Act, Tennessee Code Annotated §4-21-101.

38.     As a direct and approximate result of the Defendant's retaliatory treatment of the Plaintiff in violation of the Tennessee Human Rights Act, the Plaintiff was injured and suffered damages.

## COUNT V.

### Intentional Infliction of Emotional Distress

39.     The allegations contained in Paragraphs 1 through 38 are hereby incorporated by reference as if set forth fully in this section.

40.     The Defendants conduct described above was in intentional and was carried out in violation of Tennessee common law and contrary to the bounds of all common decency, and resulted in the intentional inflection of emotional distress upon the Plaintiff and constitutes outrageous conduct as defined by Tennessee law.

## COUNT VI.

### PRAYER FOR RELIEF

WHEREFORE the Plaintiff respectfully prays as follows:

1.     That the Defendants be served and be required to answer within the time prescribed by law;

2.     That a jury try all issues triable before a jury;

3.     That Plaintiff be awarded compensatory damages for her emotional and physical injury, loss of enjoyment of life, and her pecuniary losses and prejudgment interest;

4.     That the court award the Plaintiff back pay and front pay in an amount to be proven at trial;

7

5.      That costs and discretionary costs be taxed to the Defendant;

6.      That attorney fees be assessed against the Defendant;

7.      That punitive damages be awarded against the Defendant in an amount to be established at trial;   and

8.      For such other and further relief as this Court may find appropriate.

Respectfully submitted,

BATSON NOLAN PLC

By: _Suzanne M Pearson_

Suzanne M. Pearson, No. 015555
D. Mark Nolan, No. 015859
Kathryn W. Olita, No. 023075
Attorneys for the Plaintiff
121 South Third Street
Clarksville, Tennessee  37040
(931) 647-1501

8